2003 ND 19

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Johnathan HOLZER, aka Jonathon Holzer, Defendant and Appellant.**

No. 20020180.

Supreme Court of North Dakota.

Feb. 19, 2003.

Rehearing Denied March 26, 2003.

Chad R. McCabe, Bismarck, N.D., for defendant and appellant.

Julie A. Lawyer, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1]   Johnathan Holzer appeals from a criminal judgment entered following a conditional plea of guilty to Possession of Methamphetamine, Possession of Drug Paraphernalia, and Manufacturing Methamphetamine.   We affirm.

[¶ 2]   On December 11, 2001, Bismarck police officers pulled over a vehicle and subsequently arrested its occupants for possession of drug paraphernalia.   One of the occupants, who claimed to be Joshua Steen, was brought to the Bismarck Police Department for processing.   While at the police department, the man continued to insist his name was Joshua Steen, despite

the officers' doubts. Finally, after being recognized by a police detective, the man was forced to admit he had been lying about his identity and he was Jayson Steen, not Joshua Steen. At the time, Jayson Steen ("Steen") was subject to an outstanding arrest warrant. In exchange for being released, Steen offered information regarding the operation of a methamphetamine lab.

[¶ 3] Steen told the officer he had been at 224 Connecticut Street the night before, where he had seen approximately two grams of methamphetamine in the bathroom and an eighth of a gram of methamphetamine on the kitchen counter. Steen told the officer the residence was a trailer house belonging to his brother, Joshua Steen, but that Jonathan Holzer ("Holzer") had kicked Joshua out and was staying there with Joshua's wife, Wendy Steen. Steen also said there was a brown van belonging to Joshua Steen in front of the residence. Steen told the officer that while he was at the residence, he observed several "masonry [sic] jars" and approximately 10 bottles of ephedrine tablets, which are used in the making of methamphetamine. Finally, Steen stated a batch of methamphetamine had been "cooked" at the residence the night before and Holzer was the one who had done the "cooking." This information was presented before a magistrate in order to get a search warrant. The officer who testified at the hearing said nothing about Steen lying about his identity or the fact that Steen had offered the information in return for his release.

[¶ 4] Based on the information presented, a search warrant was issued for the residence at 224 Connecticut Street and the brown van located in the front yard. The execution of the warrant led to the arrest of Holzer on charges of drug possession and manufacturing.

[¶ 5] Holzer requested a hearing and moved to suppress the evidence obtained through the search warrant, claiming the warrant was issued in violation of his Fourth Amendment rights and his rights under Article I, Section 8 of the North Dakota Constitution. The trial court judge denied Holzer's Motion to Suppress. Thereafter, Holzer entered a conditional plea of guilty to the offenses, reserving his right to appeal the suppression issue.

[¶ 6] On appeal, Holzer argues that the evidence obtained with the search warrant should be suppressed because when applying for the warrant, the police officer failed to inform the judge that Steen, the informant, had initially lied about his identity and had provided the information in exchange for his own release. Holzer contends if this information as to Steen's credibility had been provided, probable cause to issue the warrant would not have existed and the warrant would not have been issued. We disagree.

I

[¶ 7] In *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the United States Supreme Court discussed the standard to be applied when there are allegations of false or misleading statements having been made in the application for a search warrant:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the

evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

The *Franks* standard has been extended to statements that are misleading by omission. *See State v. Rangeloff*, 1998 ND 135, ¶ 9, 580 N.W.2d 593. In order to succeed on a *Franks* challenge based on an allegation of omitted information, the defendant must show: "(1) that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading, ... and (2) that the affidavit if supplemented by the omitted information would not have been sufficient to support a finding of probable cause." *State v. Winkler*, 552 N.W.2d 347, 352 n. 1 (N.D.1996) (quoting *United States v. Lucht*, 18 F.3d 541, 546 (8th Cir.1994)).

[¶ 8] In its order denying Holzer's Motion to Suppress, the trial court did not make a finding on whether the officer recklessly or intentionally omitted the information, but did find that if the officer's testimony was supplemented with the omitted information, the informant was still reliable. The trial court concluded that none of the "issues raised by the Defendant would have made a significant enough difference to the Court in issuing the search warrant that they are grounds for suppression of the evidence, ..." We agree with the trial court's conclusion.

[¶ 9] Under the second part of the test, the court must determine whether the omissions, if added into the warrant application, would have defeated probable cause. *See United States v. Reivich*, 793 F.2d 957, 962 (8th Cir.1986); *see also United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir.1993) ("[T]he defendant must

show that the omitted material would be 'clearly critical' to the finding of probable cause."). This means Holzer would have to show that if the police officer's testimony would have included the alleged omissions, probable cause would not have existed for the judge to issue the search warrant.

[¶ 10] Under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the North Dakota Constitution, probable cause must be established before a search warrant can be issued. Whether probable cause exists is a question of law. *See Rangeloff*, 1998 ND 135, ¶ 16, 580 N.W.2d 593. This Court has adopted the totality-of-the-circumstances test to review whether the information presented was sufficient to support a finding of probable cause. *See id.* In applying the totality-of-the-circumstances test, the United States Supreme Court explained:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... [concluding]' that probable cause existed.

*Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The touchstone of probable cause is "probability," not "certainty." *See Reivich*, 793 F.2d at 963.

[¶ 11] This Court has acknowledged that making a determination as to probable cause becomes more difficult when information is presented from an

informant. *See State v. Birk*, 484 N.W.2d 834, 836 (N.D.1992). "The reliability of an informant remains pertinent to a determination of whether or not probable cause exists for the issuance of a warrant based upon that informant's statement, particularly when that informant is a member of the 'criminal milieu.'" *State v. Dahl*, 440 N.W.2d 716, 718 (N.D.1989). Steen, the informant in this case, cannot be classified as a citizen informant. *See Rangeloff*, 1998 ND 135, ¶ 4 n. 3, 580 N.W.2d 593 (stating that a citizen informant is someone who volunteers information without wanting anything in return and who is not at risk or in fear of going to jail). Steen more accurately falls into that category of informants who are "themselves criminals, drug addicts, or even pathological liars." *Dahl*, at 718. Reliability for such an informant must be established. *Id.*

### A

[¶ 12] Holzer argues that the omission of the fact Steen lied to officers about his identity would have defeated probable cause if added into the warrant application. The magistrate who issued the warrant in this case, however, was told that Steen was in a vehicle in which drug paraphernalia and methamphetamine had been found and that there was an outstanding warrant for his arrest. The magistrate, therefore, knew Steen's credibility was questionable. Any additional information as to Steen's dishonest behavior would have only confirmed what the magistrate already knew.

### B

[¶ 13] Holzer also argues omission of the fact Steen gave his statement in exchange for his own release would have defeated probable cause if added into the warrant application. The United States Court of Appeals for the Eighth Circuit

has held: "The omission of the fact that the informant is charged with a crime and is cooperating to gain leniency is not a misrepresentation and is not 'clearly critical' to the issuing judge." *United States v. Gladney*, 48 F.3d 309, 315 (8th Cir.1995) (citing *United States v. Wold*, 979 F.2d 632, 634 (8th Cir.1992)). Magistrates issuing warrants know that deals are made with informants, who themselves have been charged. *Gladney*, at 315. "After all, we expect such judicial officers to be only neutral and detached—not naive and ingenuous." *Reivich*, 793 F.2d at 963.

[¶ 14] Further, the information Steen provided was a first-hand account of what he saw at the residence at 224 Connecticut Street, including detailed information regarding the location and amounts of methamphetamine, location and types of drug paraphernalia, and ingredients for manufacturing methamphetamine. Steen's level of specificity in describing the drug activity that was taking place at the residence made it more likely that the information provided was accurate. *See Dahl*, 440 N.W.2d at 719–20 (indicating that an informant who presents specific details about a crime and crime scene is more likely to be reliable). We conclude considering the totality of the circumstances, especially the detailed, first-hand knowledge Steen provided, failure to inform the magistrate that Steen had lied about his identity and that he had received a deal did not defeat probable cause to issue the search warrant.

### II

[¶ 15] Alternatively, Holzer argues that even if his arguments fail under the *Franks* analysis, our state constitution can grant greater rights than the United States Constitution does. However, Holzer merely argues this point without explaining what greater right he contends our state constitution grants or the basis

for the right. We will not consider an argument that is not adequately articulated, supported and briefed.

[¶ 16] We, therefore, affirm the trial court's Criminal Judgment.

[¶ 17] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.