2004 ND 201

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Michael DONOVAN, Defendant and Appellee.**

**No. 20040066.**

Supreme Court of North Dakota.

Nov. 2, 2004.

James O. Johnson, Stanton, ND, for plaintiff and appellant.

Gregory L. Lange, Hazen, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] The State appealed from a trial court's suppression of evidence, arguing the evidence was obtained under proper execution of a valid search warrant and should be admitted in the subsequent criminal trial. We affirm the trial court's suppression order.

## I.

[¶ 2] Mercer County law enforcement officials responded to a domestic distur-

bance call at the rural Hazen home of Jeff Coffin and Veronica Gascoine Sr. on August 9, 2003. Coffin was arrested and taken to jail. Gascoine, who was intoxicated and injured, was interviewed by Sheriff Dean Danzeisen. During the course of the interview she volunteered information about narcotics located within the home. Gascoine granted consent to search, and drug paraphernalia was discovered. The sheriff then called in Deputy Eric Harmel, a member of the local drug task force. Gascoine was read her *Miranda* rights before the interview continued. She stated Michael Donovan had 20 bales of marijuana buried in his back yard, and she had observed him manufacturing methamphetamine. Gascoine also described a car allegedly involved in drug operations and told Danzeisen and Harmel where the car could be found.

[¶ 3] Danzeisen and Harmel confirmed the location of the vehicle. Harmel also contacted a special agent who had interacted with Gascoine on two previous occasions. One was when a pen tube with methamphetamine residue was found in Gascoine's car. She claimed the pen tube was not hers, and a passenger admitted ownership. The second encounter occurred when Gascoine testified in a narcotics trial. The sole purpose of her testimony at the narcotics trial was to provide an alibi for her accused daughter. Harmel's affidavit seeking a search warrant included these two encounters as further proof of Gascoine's credibility, but failed to mention both that the information was obtained second-hand and the nature of Gascoine's testimony.

[¶ 4] The warrant was issued and Donovan's house was searched. The officers did not find marijuana or signs of methamphetamine production. Evidence of other drug violations was found, and Donovan was charged.

[¶ 5] Donovan moved to suppress the evidence, arguing it was obtained as the result of a search warrant based on false information from an informant whose reliability was not established. Gascoine testified at the suppression hearing she did not remember telling the officers about Donovan's alleged drug activities. She further testified she had never seen marijuana bales in his back yard or any evidence of methamphetamine production. The district court in Mercer County granted Donovan's motion, and the State appealed.

## II.

[¶ 6] "The Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, and Article I, § 8 of the North Dakota Constitution require searches and seizures to be reasonable and warrants to be issued only upon a showing of probable cause." *State v. Ballweg*, 2003 ND 153, ¶ 11, 670 N.W.2d 490. "Probable cause to search exists 'if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched.'" *Id.* (quoting *State v. Thieling*, 2000 ND 106, ¶ 7, 611 N.W.2d 861). Whether probable cause to issue the warrant exists is a question of law. *Ballweg*, at ¶ 11. The magistrate's decision is deferred to "so long as there was a substantial basis for the conclusion, and doubtful or marginal cases should be resolved in favor of the magistrate's determination." *Id.* at ¶ 12.

[¶ 7] Donovan argued the affidavit was misleading because it failed to mention it was based on second-hand information or the nature of Gascoine's testimony. A defendant who believes a search warrant was issued on the basis of a false

or misleading affidavit can request a *Franks* hearing:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Ballweg*, 2003 ND 153, ¶ 14, 670 N.W.2d 490 (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). " 'A false affidavit statement under *Franks* is one that misleads the neutral and detached magistrate into believing the stated facts exist, and those facts in turn affect the magistrate's evaluation of whether or not there is probable cause.' " *State v. Jones*, 2002 ND 193, ¶ 10, 653 N.W.2d 668 (quoting *State v. Rangeloff*, 1998 ND 135, ¶ 9, 580 N.W.2d 593).

▬ [¶ 8] The defendant has the burden to prove false statements were made intentionally or with reckless disregard for the truth, and whether this burden was met is reviewed under the clearly erroneous standard. *State v. Schmitt*, 2001 ND 57, ¶ 11, 623 N.W.2d 409 (citing *State v. Damron*, 1998 ND 71, ¶ 10, 575 N.W.2d 912); *see also State v. Morrison*, 447 N.W.2d 272, 275 (N.D.1989). "A finding of fact is clearly erroneous when it is

induced by an erroneous view of the law, when there is no evidence to support it, or when, although there is some evidence, on the entire evidence, the Court is left with a definite and firm conviction a mistake has been made." *Jones*, 2002 ND 193, ¶ 11, 653 N.W.2d 668 (citing *Schmitt*, at ¶ 12). A "[large] number of alleged[ly] false statements support an inference of reckless disregard for the truth." *Schmitt*, at ¶ 14. "[R]eckless disregard for the truth may be proved inferentially 'from circumstances evincing "obvious reasons to doubt the veracity" of the allegations.' " *Id.* at ¶ 15 (quoting *United States v. A Residence Located at 218 Third St.*, 805 F.2d 256, 258 (7th Cir.1986)). "Mere negligence by the affiant, however, does not constitute reckless disregard for the truth." *Schmitt*, at ¶ 15 (citing *Franks*, 438 U.S. at 171, 98 S.Ct. 2674).

▬ [¶ 9] The district court found Donovan met his burden because he was able to show the affidavit was written in a manner that misled the magistrate regarding Gascoine's credibility. Reliability of an informant who is a "criminal[], drug addict[], or even pathological liar[]" must be established. *State v. Holzer*, 2003 ND 19, ¶ 11, 656 N.W.2d 686 (quoting *State v. Dahl*, 440 N.W.2d 716, 718 (N.D.1989)). The officers who interviewed Gascoine had already discovered evidence of her narcotics involvement, making her a member of the "criminal milieu" whose reliability needed to be established.

▬ [¶ 10] The officers attempted to establish Gascoine's credibility through verification of her description of a car parked in a public parking lot with the owner's name displayed in the windshield. Credibility cannot be established by the use of "easily obtainable facts and conditions existing at the time of the tip." *State v. Thompson*, 369 N.W.2d 363, 370 (N.D. 1985). The district court found "[t]he loca-

tion and ownership of the blue car were easily obtainable facts existing at the time of the tip."

[¶ 11]   Gascoine testified she did not remember saying anything to the officers about drug activity at Donovan's. However, another officer testified to overhearing her statements, so the district court found she clearly made them.  This finding by the district court is sufficient to show Harmel did not falsify Gascoine's statements in his affidavit.  *See Schmitt*, 2001 ND 57, ¶ 13, 623 N.W.2d 409 (the district court failed to make findings on the credibility of the witnesses, so it was not proven that the officer knowingly included false information in his affidavit).

[¶ 12]   The district court did find, however, an important part of the affidavit was written in such a manner it likely misled the magistrate:

> The most troubling statement in the affidavit is found in paragraph 8. That paragraph reads:
>
> > "Deputy Harmel has reason to believe that Veronica Gascoine Sr. has been truthful due to the fact that Veronica Gascoine Sr. has answered questions truthfully on incident's that have happened almost a year ago, and that Veronica Gascoine Sr. has testified under oath in a jury trials on the cases involving several narcotics users."
>
> There are two problems with the assertions in paragraph 8.  First is that a reasonable person would read the paragraph to mean that Gascoine had testified in more than one jury trial involving a number of narcotics users.  Gascoine testified in one trial.  Harmel said the plurals in the sentence are typos, but there is no way a magistrate would know that without asking, and there is no record that the magistrate asked. More significant is what is not said.  A reasonable person would think that the

sentence meant that Gascoine had testified against narcotics users because the whole purpose of the paragraph is to establish Gascoine's truthfulness.  Had the magistrate known Gascoine's one appearance at a jury trial was an attempt to establish an alibi for her accused daughter, it is unlikely he would have been convinced that she was therefore credible.  On the contrary, the omission of this information very likely misled the magistrate into thinking she had testified in more than one trial against narcotics users.

The district court's finding that Harmel's statements were misleading was not clearly erroneous.

### III.

[¶ 13]   Once statements have been found false or misleading, those statements should be set aside and the remainder of the affidavit looked at to determine if there was probable cause to issue the warrant.  *Ballweg*, 2003 ND 153, ¶ 14, 670 N.W.2d 490 (quoting *Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674).  "Whether there is probable cause to issue a search warrant is a question of law."  *Jones*, 2002 ND 193, ¶ 14, 653 N.W.2d 668.  The requirements for probable cause are as follows:

> "Probable cause to search does not require the same standard of proof necessary to establish guilt at a trial; rather, probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place."  All the information presented to establish probable cause should be taken together, not analyzed in a piecemeal fashion.  The magistrate is to make a practical, commonsense decision on

whether probable cause exists to search that particular place....

We apply the totality-of-the-circumstances test to review whether information before the magistrate was sufficient to find probable cause, independent of the trial court's findings. More than "bare-bones" information must be presented to the magistrate in order to establish probable cause.

*Jones*, at ¶ 14 (citations omitted). When a search warrant is issued based on information provided by an informant, the informant's credibility is very important in determining whether probable cause exists. *Dahl*, 440 N.W.2d at 718; *see also Holzer*, 2003 ND 19, ¶ 11, 656 N.W.2d 686. There is no presumption of reliability when the informant is someone who is a member of the "criminal milieu." *Dahl*, at 718.

[¶ 14] Gascoine's credibility was not sufficiently established if the misleading statements are stricken from the affidavit. As previously stated, an easily obtainable fact cannot be used to establish informant credibility. *Thompson*, 369 N.W.2d at 370. There is no question the existence of the car described by Gascoine was an easily obtainable fact. Since Gascoine was a member of the criminal milieu, something more substantial was needed to establish her credibility. The trial court concluded there was not probable cause to issue a search warrant without the informant's credibility being established. The finding that credibility had not been established was not clearly erroneous.

## IV.

[¶ 15] We affirm the trial court's suppression of the evidence.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.