2009 ND 13

**Daniel J. MYERS, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20080186.

Supreme Court of North Dakota.

Feb. 3, 2009.

Rehearing Denied April 2, 2009.

Justin J. Vinje, Vinje Law Firm, Bismarck, N.D., for petitioner and appellant.

Cynthia Mae Feland, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Daniel Myers appealed from a district court order denying his application for post-conviction relief. We conclude Myers' counsel was not ineffective and

Myers' due process rights were not violated. We affirm.

I

[¶ 2] On March 25, 2003, Bismarck Police Detective Kenen Kaizer applied for a search warrant to search Myers' residence. At the hearing on the application for the warrant, Kaizer testified that he had information from Ryan Brelje that Myers, Brelje, and another individual met on March 24 and split an ounce of methamphetamine. Kaizer testified Brelje told him Myers was going home with his share of the methamphetamine. Kaizer testified Brelje gave him this information after Brelje had been stopped and arrested with nine grams of methamphetamine. Kaizer also testified Myers has a history of felony drug charges. The court found there was probable cause for the warrant.

[¶ 3] On March 28, 2003, Kaizer applied for a search warrant for a hotel room at the Comfort Inn in Bismarck where he believed Myers was staying. The same judge who issued the prior warrant also heard Kaizer's application for this warrant. Kaizer testified that law enforcement received information about Myers from Social Services after Social Services received a call from an anonymous informant. The anonymous informant said when Myers sells drugs he usually rents a hotel room at the Comfort Inn so he can sell drugs from the hotel instead of his house. The anonymous informant also indicated Myers usually stays at the hotel for two days at a time, refuses any type of cleaning services, and does not allow anyone in the room. Kaizer testified that he had been unable to locate Myers for the last couple of days but had found him staying in a hotel room at the Comfort Inn in Bismarck. Kaizer testified Myers had checked into the hotel under a fictitious name on March 27, the hotel manager went to the room Myers was staying in, and the room occupant showed the manager identification confirming the individual was Myers. Kaizer also testified that he had learned Myers had stayed at the hotel three to five times within the past year, usually for two days at a time. Kaizer testified that during Myers' current stay he refused cleaning services and had problems with the television in his room, but the maintenance person was initially denied access to the room to fix the problem. Kaizer testified the maintenance person said he heard noises that sounded like someone was moving items into the bathroom and then was allowed in the room after the room occupant yelled from the bathroom that the maintenance person could come in. Kaizer testified the occupant did not leave the bathroom while the maintenance person was in the room. Kaizer reminded the court that he had initially received information from Brelje about Myers' plans to sell methamphetamine, and he testified Brelje told him Myers planned to leave town to meet someone who was selling crystal methamphetamine and Myers was going to attempt to bring some back to Bismarck. The court found there was probable cause for the warrant, noting the earlier warrant for Myers' residence.

[¶ 4] The March 28 search warrant was executed and law enforcement officers searched the hotel room. Myers was arrested and was charged with possessing marijuana with intent to deliver, a class B felony, and two counts of possessing drug paraphernalia for use with substances other than marijuana, class C felonies. Myers moved to dismiss or consolidate the drug paraphernalia charges, and the district court granted his motion. The State filed an amended information before trial, but the amended information continued to charge Myers with two class C felonies for possession of drug paraphernalia. Myers was represented by various different attor-

neys at different stages in the proceedings, and the information was not amended before trial dismissing or consolidating the second possession of drug paraphernalia charge. A jury trial was held in June 2005, and the jury found Myers guilty of all three counts. A judgment was entered, and Myers was sentenced to seven years in prison. In December 2007, the judgment was amended, omitting one of the convictions for possession of drug paraphernalia.

[¶ 5] Myers appealed the judgment, arguing the prosecutor's closing argument violated his right against self-incrimination, the district court committed reversible error by failing to admonish the jury before a recess in the proceedings, and there was insufficient evidence to support his convictions. In *State v. Myers*, 2006 ND 242, 724 N.W.2d 168, this Court affirmed Myers' criminal judgment.

[¶ 6] In December 2007, Myers applied for post-conviction relief, and an amended application was filed in April 2008, after counsel was appointed. Myers argued his trial counsel was ineffective because his counsel did not challenge the two search warrants and he was tried for the second count of possession of drug paraphernalia after the court ordered the count be dismissed or consolidated with the other possession of drug paraphernalia charge.

[¶ 7] In June 2008, a hearing was held on Myers' application for post-conviction relief, but he did not present any witnesses in support of his application. Following argument on the application, the district court denied the application, stating its reasons on the record. An order denying Myers' application was subsequently entered. Myers moved for reconsideration, and the court denied the motion.

## II

[¶ 8] Myers argues his trial counsel was ineffective for failing to challenge the two March 2003 search warrants. Myers also contends his counsel was ineffective and his due process rights were violated because he was tried and convicted of a charge the district court ordered be dismissed.

[¶ 9] A criminal defendant is guaranteed the right to effective assistance of counsel under the Sixth Amendment of the United States Constitution. *Roth v. State*, 2007 ND 112, ¶ 7, 735 N.W.2d 882. The petitioner bears the burden of proving a post-conviction claim of ineffective assistance, and must prove "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by counsel's deficient performance." *Id.* To prove that counsel's representation fell below an objective standard of reasonableness, the petitioner must overcome a strong presumption that counsel's representation was within the wide range of reasonable assistance. *Id.* at ¶ 8. Counsel's performance is measured considering prevailing professional norms, and courts must "consider all the circumstances and decide whether there were errors so serious that [petitioner] was not accorded the 'counsel' guaranteed by the Sixth Amendment." *Id.* To prove that the petitioner was prejudiced by the deficient performance, the petitioner must show there is a reasonable probability that the result of the proceedings would have been different absent counsel's unprofessional errors. *Id.* at ¶ 9. Ineffective assistance of counsel issues are mixed questions of fact and law, and are fully reviewable on appeal. *Id.* at ¶ 11.

### A

[¶ 10] Myers argues his trial counsel was ineffective for failing to challenge the search warrants because there was not probable cause for either search

warrant and Kaizer deliberately or recklessly omitted critical information about Brelje's criminal history when applying for the warrants.

[¶ 11] The failure to file a pre-trial suppression motion alone is not enough to meet the burden of proving ineffective assistance of counsel; the petitioner must show actual prejudice. *Roth,* 2007 ND 112, at ¶ 10, 735 N.W.2d 882. When the principal claim of ineffectiveness is that counsel failed to move to suppress evidence, the petitioner "must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* (quoting *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)).

[¶ 12] Myers argues his trial counsel was ineffective for failing to file a suppression motion to challenge the search warrants. However, Myers failed to present any evidence at the post-conviction hearing about why his trial counsel did not challenge the search warrants. We generally deny direct appellate decisions on claims of ineffective assistance of counsel because the trial transcript and record are not adequate to demonstrate ineffective assistance of counsel. *State v. Wilson,* 466 N.W.2d 101, 103 (N.D.1991). Ineffective assistance of counsel claims should usually be raised during post-conviction proceedings to allow the development of additional evidence to evaluate the claims, such as testimony or affidavits from trial counsel regarding the claims of ineffective assistance. *Id.* Ineffective assistance of counsel claims ordinarily require development of the record through an evidentiary hearing. *Abdi v. State,* 2000 ND 64, ¶ 31, 608 N.W.2d 292.

[¶ 13] Myers did not present any evidence from his trial counsel, either through affidavits or through testimony at the post-conviction evidentiary hearing, about why his counsel did not challenge the warrants. Myers relied on the warrant applications and his argument that there was not probable cause for the warrants. Myers asks us to conclude his counsel was ineffective and accept without proof that his trial counsel did not consider whether to challenge the search warrants or to accept that there was no reason not to challenge the warrants because they were defective as a matter of law. There is a strong presumption that trial counsel's conduct fell within the wide range of reasonableness, and this Court " 'will not second guess defense strategy through hindsight.' " *State v. McDonell,* 550 N.W.2d 62, 64 (N.D.1996) (quoting *State v. Lefthand,* 523 N.W.2d 63, 69 (N.D.1994)). Myers had the opportunity to present testimony from his trial counsel, and we will not speculate what the trial counsel's testimony would have been. *See Lange v. State,* 522 N.W.2d 179, 182 (N.D.1994). There was no evidence about whether trial counsel obtained transcripts of the warrant applications or listened to a recording of the applications and decided not to challenge the warrants as part of the defense strategy. Without affidavits or testimony from Myers' trial counsel about whether they investigated this issue and why they did not challenge the search warrants, Myers has not overcome the strong presumption.

[¶ 14] Moreover, Myers claims that the warrants are not supported by probable cause are without merit. Myers argues the March 25, 2003, search warrant should not have been authorized because law enforcement recklessly withheld critical information about Brelje's criminal history, and even without this information the warrant was issued without probable cause.

Although it is unclear from the record whether the March 25, 2003, warrant was ever executed, no evidence was admitted in Myers' trial that was seized as a result of the warrant. Therefore Myers' argument about the March 25, 2003, warrant is without merit except to the extent the court considered the information from the warrant in deciding whether to grant the application for the March 28, 2003, warrant.

[¶ 15] There must be probable cause to search before a court can issue a search warrant, and probable cause exists " 'if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place.' " *State v. Roth* (*Roth II* ), 2004 ND 23, ¶ 7, 674 N.W.2d 495 (quoting *State v. Ringquist*, 433 N.W.2d 207, 212 (N.D. 1988)). Considering the totality of the circumstances, the issuing magistrate must decide whether there is a fair probability contraband or evidence will be found in a particular place. *Roth II*, at ¶ 7.

[¶ 16] Myers contends Kaizer deliberately or at least recklessly omitted critical information from the warrant applications about Brelje's criminal history. Myers argues this information was necessary to determine Brelje's reliability and was critical in deciding whether there was probable cause for the warrants. He claims the issuing court could not have found there was probable cause for the warrants if Kaizer had included the information about Brelje's criminal history.

[¶ 17] When there is an allegation an application for a search warrant contains false or misleading statements, including statements that are misleading because they omit some important information, the defendant must show: " '(1) that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit

misleading, ... and (2) that the affidavit if supplemented by the omitted information would not have been sufficient to support a finding of probable cause.' " *State v. Holzer*, 2003 ND 19, ¶ 7, 656 N.W.2d 686 (quoting *State v. Winkler*, 552 N.W.2d 347, 352 n. 1 (N.D.1996)).

[¶ 18] Myers contends the warrant applications were misleading because they did not include information about Brelje's criminal history, which would have informed the issuing magistrate that Brelje is a member of the criminal milieu and is not credible. When deciding whether there is probable cause to issue a warrant, the issuing magistrate must consider the status of an informant in judging the informant's reliability or credibility. *Roth II*, 2004 ND 23, ¶ 9, 674 N.W.2d 495. Individuals involved in criminal activity or who enjoy the confidence of criminals are members of the criminal milieu, and their reliability must be established. *State v. Dahl*, 440 N.W.2d 716, 718 (N.D.1989). There is no presumption of reliability when an informant is a member of the criminal milieu because such informants are often criminals or drug addicts who give information for reasons other than the call of civic duty. *Id.*

[¶ 19] Although Brelje has a criminal history and is a member of the criminal milieu, the district court was aware that Brelje's reliability must be established. Kaizer testified in support of the warrants that Brelje was involved with Myers and another individual in a plan to sell methamphetamine. Kaizer testified Brelje had been arrested with his share of the methamphetamine in his possession. The court was aware that Brelje was a member of the criminal milieu and his credibility was questionable. Any additional information about Brelje's criminal background would have confirmed what the court already

knew. *See Holzer*, 2003 ND 19, ¶ 12, 656 N.W.2d 686. If the information about Brelje's criminal history would have been included in the warrant applications it would not have defeated probable cause.

[¶ 20] There was probable cause for the March 28, 2003, search warrant. Kaizer testified law enforcement had received information from Social Services that an anonymous informant told them Myers often sells drugs out of a hotel room at the Comfort Inn in Bismarck. Myers argues this information was stale and cannot be the basis for probable cause for the warrant. While probable cause cannot be based on stale information, " 'corroborative information need not be current for it to be properly considered by the magistrate so long as it relates to prior conduct sufficiently similar to the acts in question.' " *State v. Birk*, 484 N.W.2d 834, 838 (N.D. 1992) (quoting *Commonwealth v. Weidenmoyer*, 518 Pa. 2, 539 A.2d 1291, 1295 (1988)). The information from Social Services was used to corroborate information Kaizer had received from the Comfort Inn that Myers was staying at the hotel at the time Kaizer applied for the warrant, he had registered under a fictitious name, he had stayed at the hotel three to five times in the last year usually for two days at a time, Myers had initially refused to allow the maintenance person into the room to fix the television but later stayed in the bathroom while the maintenance person was in the room, and Myers had refused maid service during his current stay. The information from Social Services and the hotel also corroborated the information from Brelje that Myers was planning to sell the methamphetamine he had split with Brelje as well as other drugs. Kaizer testified he had not been able to locate Myers for the last couple of days, which corroborated Brelje's claim that Myers was leaving town to acquire some crystal methamphetamine which he planned to sell in Bismarck. Kaizer was unable to locate Myers for a couple of days, when Myers returned to town he checked into a hotel, refused maid service and was reluctant to let anyone in the hotel room. Myers' actions were consistent with the anonymous informant's information that Myers would sell drugs from the Comfort Inn and Brelje's information that Myers had methamphetamine and was planning to sell it in Bismarck. The information from Brelje was corroborated. Considering the totality of the circumstances, we conclude there was probable cause for the March 28, 2003, search warrant.

[¶ 21] Myers has failed to prove his trial counsel's performance was defective and that his defense was prejudiced by the defects. We conclude Myers' trial counsel was not ineffective for failing to challenge the search warrants.

### B

[¶ 22] Myers also claims he received ineffective assistance of trial counsel and was denied due process because he was tried and convicted of a second count of possession of drug paraphernalia after the district court ordered that the count either be dismissed or be consolidated with the first count of possession of drug paraphernalia. He contends his trial counsel's failure to object and the district court's failure to comply with procedural rules violated his right to counsel and due process.

[¶ 23] Although Myers was tried for a second count of possession of drug paraphernalia after the district court ordered the count be dismissed or consolidated, Myers was not prejudiced by this error. The district court ordered the second count be dismissed or consolidated because the State failed to respond to Myers' motion to dismiss, and the court also found

a single offense was divided into more than one count violating the rule against multiplicity. All the same evidence was received at trial that would have been received if the counts would have been consolidated. Myers received a sentence of seven years in prison on the charge of possession with intent to deliver marijuana, five years for the first count of possession of drug paraphernalia, and one year for the second count of possession of drug paraphernalia. The court ordered the sentences run concurrently. The conviction on the second count of possession of drug paraphernalia was later omitted from the amended judgment. Myers has not shown any prejudice, and he admits he cannot demonstrate any actual prejudice. Myers has been unable to meet the burden of proof and show that absent this error there is a reasonable probability the result of the proceeding would have been different. We conclude Myers was not denied effective assistance of counsel or due process.

### III

[¶ 24] We conclude Myers did not receive ineffective assistance of counsel and his due process rights were not violated. We affirm the district court's order denying post-conviction relief.

[¶ 25] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.