2015 ND 213

**STATE of North Dakota, Plaintiff and Appellee**

v.

**James Roy WEINMANN, Jr., Defendant and Appellant.**

**State of North Dakota, Plaintiff and Appellee**

v.

**Kayla Marie Weinmann, Defendant and Appellant.**

Nos. 20140432, 20140440.

Supreme Court of North Dakota.

Aug. 25, 2015.

Julie A. Lawyer, Burleigh County Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Richard E. Edinger (argued), Fargo, ND and Craig M. Richie (on brief), Fargo, ND, for defendants and appellants.

VANDE WALLE, Chief Justice.

[¶ 1] James Roy Weinmann, Jr. and Kayla Marie Weinmann appealed from a criminal judgment entered upon their conditional pleas of guilty to possession of methamphetamine, possession of a controlled substance (hashish), possession of a controlled substance (marijuana), possession of drug paraphernalia (methamphetamine), and possession of drug paraphernalia (marijuana). The Weinmanns pled guilty after the district court denied their motion to suppress evidence. They argue

the district court erred in denying the motion when it determined probable cause was established for the issuance of a search warrant, the reliability of the confidential informant was established, and the affiant did not intentionally mislead the magistrate by omitting certain facts from the magistrate. We affirm.

I

[¶ 2] Burleigh County Sheriff's Deputy Brandon Rosen, a narcotics investigator for the Sheriff's office, gave a sworn affidavit for a search warrant. The affidavit indicated probable cause to believe the Weinmanns were in possession of methamphetamine and drug paraphernalia at their residence. Probable cause was based on text messages and a phone call he received from Lucas Sizer, a confidential informant, who stated he had been at the Weinmann residence, had observed a large bag of methamphetamine, and observed Weinmann and a male guest ingest methamphetamine.

[¶ 3] Sizer was previously charged with the manufacture of marijuana and possession of drug paraphernalia. In consideration for information obtained as a confidential informant, Rosen agreed to recommend Sizer receive a lower sentence on his criminal case. At the time he gave the affidavit, Rosen was aware that Sizer had an addiction to methamphetamine and that he had violated the terms of the 24/7 sobriety program. Rosen did not include in his affidavit any information related to Sizer's criminal charges, addiction, or 24/7 program violation. This was the first time Sizer had acted as a confidential informant and he had no prior history of reliability. Sizer's information included the following facts confirmed by Rosen: James Weinmann's home town, the business his father operates, the name of his wife and date of their marriage, the names of his children,

and the vehicles owned by the couple. Sizer stated the male guest he observed at the Weinmann residence drove a red Jeep with the license plate number JZE045. Rosen later drove by the Weinmann residence and observed the same red Jeep parked on the street across from the residence. Rosen confirmed who owned the vehicle and that the owner was a white male. Sizer also stated that James Weinmann did not park his vehicle in his garage because he used that location to ingest controlled substances.

[¶ 4] Rosen's affidavit stated he had

observed vehicles that belong to known drug users parked in front of the Weinmanns' residence. On May 5, 2014 Rosen observed one of those vehicles to be a Jeep Cherokee bearing ND license JSC756. Rosen knows this vehicle to be registered to Kelly Haux DOB ... who has a history of possessing controlled substances.

Haux has one prior criminal conviction in 2013 for possession of marijuana (Class A misdemeanor).

[¶ 5] Based on the affidavit, Rosen secured a search warrant for the Weinmann residence. A search of the residence uncovered narcotics. The Weinmanns moved to suppress the evidence on the grounds that the warrant affidavit lacked probable cause, and the information contained therein was based on an unreliable confidential informant, was not corroborated, and contained false or misleading material statements. At the suppression hearing, the owner of the Jeep testified he was a neighbor of the Weinmanns and parked his Jeep at that location because it was below a streetlight. The neighbor also testified he did not know Sizer or James Weinmann, and denied ever being in the Weinmanns' home, inhaling methamphetamine, or ever using illegal drugs.

[¶ 6] The district court denied the Weinmanns' motion, stating "the Defendants have not proven by a preponderance of evidence that any allegedly false statements in the Affidavit were made intentionally or with reckless disregard for the truth" and that the inaccurate license plate information fell short of demonstrating an intentional falsehood or reckless disregard for the truth. The court also found Sizer's information did corroborate a number of facts about the Weinmanns sufficient to establish his credibility.

## II

[¶ 7] "A trial court's findings of fact in [a decision to grant or deny a motion to suppress] will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *State v. Boehm*, 2014 ND 154, ¶ 8, 849 N.W.2d 239. "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *Id.* "Determining whether probable cause exists to issue a search warrant is a question of law and, if there is a substantial basis for the magistrate's conclusion that probable cause exists, this Court will not disturb that conclusion on appeal." *State v. Apland*, 2015 ND 29, ¶ 6, 858 N.W.2d 915. "We apply the totality-of-the-circumstances test to review whether information before the magistrate was sufficient to find probable cause, independent of the trial court's findings." *Id.*

## III

[¶ 8] The Weinmanns argue that the reliability of Sizer's confidential informant was never established, and the information that was verified was public

information while facts that were not public were proven to be falsehoods. "[T]he reliability of informants within the criminal milieu must be established." *State v. Lunde*, 2008 ND 142, ¶ 11, 752 N.W.2d 630. "Reliability of an informant can be established in numerous ways, such as corroboration through independent investigation, by the affiant's vouching or assertion that the informant is reliable, or by the informant giving detailed information overcoming any doubt." *Id.* It is not disputed that Sizer was acting within the criminal milieu as a confidential informant and his reliability must be established. Because he had never acted as a criminal informant prior to this matter, his reliability needed to be established based on corroboration of his claims through independent investigation or by providing detailed information overcoming any doubt.

[¶ 9] In addition to observing the presence of controlled substances and their use at the Weinmann residence, Sizer provided Rosen with James Weinmann's hometown, his father's business, names of his family, his vehicles owned, and details about his behavior in ingesting controlled substances in his garage. This information was independently verified by Rosen. "Credibility cannot be established by the use of 'easily obtainable facts and conditions existing at the time of the tip.' " *State v. Johnson*, 2011 ND 48, ¶ 11, 795 N.W.2d 367 (quoting *State v. Donovan*, 2004 ND 201, ¶ 10, 688 N.W.2d 646). We have previously held that a vehicle description is an easily obtainable fact insufficient to establish credibility. *Donovan*, 2004 ND 201, ¶ 14, 688 N.W.2d 646. The location of a residence or biographical information provided by an anonymous source alone is also insufficient. *State v. Thompson*, 369 N.W.2d 363, 369–70 (N.D.1985). However, the total information provided indicates a level of knowledge above the amount a

casual observer would have of the defendant. While each individual piece of information by itself may not establish probable cause, the sum total of the verified information establishes the confidential informant's reliability. *See State v. Birk*, 484 N.W.2d 834, 839–40 (N.D.1992).

## IV

[¶ 10] The Weinmanns argue the false information in the affidavit if omitted would leave the remaining information insufficient to support a finding of probable cause. This information includes the ownership information for the red Jeep by an innocent neighbor. They also argue the exclusion of Sizer's criminal history amounts to an intentional misleading of the magistrate. A defendant must make a preliminary showing that false statements made in support of a search warrant were made either knowingly or intentionally, or with reckless disregard for the truth, and that those false statements were necessary to a finding of probable cause. *State v. Rangeloff*, 1998 ND 135, ¶ 10, 580 N.W.2d 593. "In order to succeed on a *Franks* challenge based on an allegation of omitted information, the defendant must show: ... that the affidavit if supplemented by the omitted information would not have been sufficient to support a finding of probable cause." *State v. Holzer*, 2003 ND 19, ¶ 7, 656 N.W.2d 686.

[¶ 11] The district court found that inaccurate information in the affidavit fell short of demonstrating intentional falsehood or a reckless disregard for the truth. The fact a specific license plate number to a vehicle in the neighborhood turned out to belong to an innocent citizen does not negate the observation that a male guest was in the Weinmanns' home. We agree that the misattribution of the vehicle to the male guest is insufficient to demonstrate intentional falsehood or reckless disregard

for the truth. Nor does the record establish that the addition of the information as to Sizer's criminal history would leave the affidavit lacking support for probable cause. Rather, it is likely that the magistrate issuing the warrant would assume Sizer had some criminal background. Thus, in *State v. Dahl*, 440 N.W.2d 716, 720 (N.D.1989), this Court stated:

> We would have preferred that the sheriff had informed the magistrate that the informant was, at the time of the interview, an inmate of the federal prison in Minnesota and that he had been assured of immunity from prosecution by the sheriff for information he divulged, but in light of the description of the scene of the crime, and items stolen and their accuracy in detail, it seems reasonable that the magistrate could assume the truth of the assertion that the informant had seen the stolen items at the defendant's home. This is especially so in light of the fact that there would probably be few search warrants issued if the information had to come only from saints.

[¶ 12] Here, Sizer stated he directly observed methamphetamine at the residence and observed a person with a prior drug conviction there. Under the totality of the circumstances, a substantial basis exists for the magistrate to conclude probable cause exists in the affidavit.

## V

[¶ 13] We affirm the district court judgment.

[¶ 14] CAROL RONNING KAPSNER, DALE V. SANDSTROM, DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.