Filed 2/26/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 28

Charles Michael Morrow, Plaintiff and Appellant

v.

Francis G. Ziegler, Director

of the North Dakota Department

of Transportation, Defendant and Appellee

No. 20120323

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable H. Patrick Weir, Judge.

REVERSED.

Opinion of the Court by VandeWalle, Chief Justice.

Thomas F. Murtha IV, P.O. Box 1111, Dickinson, ND 58602-1111, for plaintiff and appellant.

Douglas B. Anderson, Assistant Attorney General, Office of Attorney General, 500 N. 9th St., Bismarck, ND 58501-4509, for defendant and appellee.

Morrow v. Ziegler

No. 20120323

VandeWalle, Chief Justice.

[¶1] 
Charles Morrow appealed from a district court judgment 
affirming a North Dakota Department of Transportation hearing officer’s decision suspending his driving privileges for one year. We reverse.

I.

[¶2] In February 2012, Highway Patrol Officer Shawn Skogen observed a car traveling at 81 miles-per-hour in a 65 mile-per-hour zone. Skogen stopped the car, and noticed that the driver, Charles Morrow, had glossy, bloodshot eyes. The officer also smelled “the odor of alcohol” emanating from the vehicle. Skogen asked Morrow to accompany him to his patrol car to discuss the traffic violation. While in the patrol car, Skogen again smelled alcohol emanating from Morrow. Morrow admitted to consuming a beer with dinner.

[¶3] Morrow submitted to a series of field sobriety tests, including the horizontal gaze nystagmus test, the backwards counting test, the partial alphabet recitation test, and the finger dexterity test. He failed two tests and passed two tests. Skogen read Morrow the implied consent advisory, and requested Morrow submit to the SD-5 onsite screening test. Morrow refused the screening test. At that point, Skogen did not believe Morrow was sufficiently intoxicated to be driving under the influence, nor did Skogen believe he had probable cause to arrest Morrow. 

[¶4] Skogen completed the Report and Notice form, issued a copy to Morrow, and released Morrow. On the Report and Notice form is a check box where the officer can indicate whether the driver refused the onsite screening test, a place to indicate the reason the driver was stopped or lawfully detained, whether it be erratic driving, a crash, a traffic violation, or the car was already stopped, and a place to indicate the probable cause to arrest. Skogen checked the box indicating Morrow refused the onsite screening test, indicated the traffic violation as the reason for the stop, and wrote “N/A” in the probable cause to arrest section. 

[¶5] Morrow requested an administrative hearing on the suspension of his driving privileges. At the hearing, Morrow argued that N.D.C.C. § 39-20-04 required the officer to include his observation that Morrow’s body contained alcohol on the report and notice. The hearing officer ruled: “[b]y checking the box ‘Refused onsite screening test’ and certifying that ‘this report is true and correct,’ the officer represented to the Director that the elements required in NDCC 39-20-14 (moving traffic violation/traffic accident as a driver and body contains alcohol) had been satisfied.” The hearing officer suspended Morrow’s driving privileges for one year. Morrow appealed to the district court, and the district court affirmed.

II.

[¶6] This Court reviews Department of Transportation decisions to suspend a person’s privilege to drive under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, and must affirm the order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.  This Court reviews the agency’s findings and decisions, and the district court’s analysis is entitled to respect if it is sound.  
Lange v. N.D. Dep’t of Transp.
, 2010 ND 201, ¶ 5, 790 N.W.2d 28.

[¶7] Morrow argues that N.D.C.C. § 39-20-04 requires an officer to specifically indicate his or her belief that the driver’s body contained alcohol on the Report and Notice form. The Department argues that formulating the opinion that the driver’s body contained alcohol is a prerequisite to requesting an onsite screening test, and therefore checking “Refused onsite screening test” implies the officer formulated an opinion that the driver’s body contained alcohol.

[¶8] Section 39-20-03.2(3), N.D.C.C., requires an officer to “forward to the director a certified written report” containing certain information required by N.D.C.C. § 39-

20-04. Section 39-20-04, N.D.C.C., requires the officer to include

for purposes of section 39-20-14, [the officer] had reason to believe that the person committed a moving traffic violation . . . and in conjunction with the violation or accident the officer has, through the officer’s observations, formulated an opinion that the person’s body contains alcohol, that the person was lawfully arrested if applicable, and that the person had refused to submit to the test or tests under section 39-20-01 or 39-20-14.  

“The Department’s authority to suspend a person’s license is given by statute and is dependent upon the terms of the statute. The Department must meet the basic and mandatory provisions of the statute to have authority to suspend a person’s driving privileges.” 
Aamodt v. N.D. Dep’t of Transp.
, 2004 ND 134, ¶ 15, 682 N.W.2d 308. 

[¶9] Whether the provision is basic and mandatory rests primarily on whether the Department’s authority is affected by failure to apply the provision. 
Id.
 at ¶ 23. In 
Aamodt
, the officer failed to state adequate probable cause that the person was in actual physical control of a vehicle while under the influence. 
Id.
 at ¶ 10. This requirement was “material to the Department’s decision to suspend a person’s driving privileges and [is a] predicate[] to the Department’s acting.” 
Id.
 at ¶ 23. Without this element, the Department would not have enough information to be able to suspend the person’s driving privileges. 
Id.
  Similarly, here, the officer must first form the opinion that the person’s body contains alcohol before the implied consent provision applies. 
See
 N.D.C.C. § 39-20-14. Without that opinion, the Department has no authority to suspend a person’s privilege to drive for refusal. N.D.C.C. § 39-20-04. If the Report and Notice does not inform the Department of that opinion, the Department does not have the requisite information to suspend the driver’s license. 
Id.
 Therefore, the requirement is basic and mandatory. 

[¶10] In 
Aamodt
, this Court found that the requirement that the officer list reasonable grounds to believe the person was driving or in actual physical control of a vehicle while intoxicated is basic and mandatory. 
Aamodt
, 2004 ND 134, ¶ 26, 682 N.W.2d 308.  Therefore, when the officer failed to list those reasonable grounds on the Report and Notice, the report was deficient and the Department lacked authority to suspend the driver’s license. 
Id.
 Similarly, this Court ruled in 
Jorgensen
 that an officer’s failure to write the results of a blood test for blood alcohol content on the Report and Notice made the report deficient. 
Jorgensen v. N.D. Dep’t of Transp.
, 2005 ND 80, ¶ 12, 695 N.W.2d 212.

[¶11] In this case, the Report and Notice had a check box to indicate “Refused onsite screening test (NDCC Section 39-20-14 or 39-06.2-10.2).” It also had a check box to indicate whether there were reasonable grounds to believe the person was operating a vehicle, a space to indicate the “[r]easonable suspicion to stop or reason lawfully detained,” and a space to indicate the “[p]robable cause to arrest/lawfully detain.” There is no place on the form to specifically indicate whether the officer formed the opinion that the driver’s body contained alcohol. Morrow does not contend that the form itself is deficient. Rather, Morrow contends the officer could have recorded the observations that led him to believe Morrow’s body contained alcohol in the space to indicate probable cause or the space to indicate the reason the driver was stopped or lawfully detained. Doing so would have given the Department of Transportation enough information to reasonably infer that the officer believed Morrow’s body contained alcohol. Although we do not hold that the form itself is deficient if it is completed in such a manner, the Department could avoid confusion by providing a form requiring an officer to specifically record his or her belief that the driver’s body contained alcohol.

[¶12] Here, the officer’s failure to indicate his belief that Morrow’s body contained alcohol made the report and notice deficient. The report submitted to the Department of Transportation is devoid of any indication that the driver’s body contained alcohol. The Department rationalizes that the fact the officer formed the opinion that the driver’s body contained alcohol can be implied from the act of checking “Refused onsite screening test” and certifying that the report is true and correct. The Department argues that formulating this opinion is a predicate to requesting an onsite screening test, and therefore such an opinion may be implied by the fact that an onsite screening test was requested. We disagree. “Section 39-20-03.1 . . . reflects a legislative intent to remove drunk drivers from the roads without slanting the law too much toward the Department’s convenience.” 
Jorgensen
, 2005 ND 80, ¶ 13, 695 N.W.2d 212. Allowing the Department to infer elements that are basic and mandatory without any factual basis on the report to support the inference slants the law too much toward the Department’s convenience. The report must in some way convey that the officer believed the person’s body contained alcohol, whether by a direct statement or by the officer’s observations that led the officer to the belief.  Therefore, the officer’s failure to record his belief that Morrow’s body contained alcohol made the report deficient, and the Department did not have the authority to suspend Morrow’s driving privileges.

III.

[¶13] We reverse the district court’s judgment affirming the administrative suspension of Morrow’s driving privileges.

[¶14] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Mary Muehlen Maring

Kapsner, Justice, concurring in the result.

[¶15] I concur in the result.

[¶16] However, rather than suggest that there is anything defective in the form which the Department provides, I concur because the form was filled out by the patrol officer in a manner that would have indicated that the Department had no authority to suspend Morrow’s driving privileges.

[¶17] The officer checked one box indicating his “Reasonable suspicion to stop or reason lawfully detained” indicating there had been a “traffic violation” with the explanation that Morrow was going “81 mph in 65 zone.”

[¶18] The form has a separate box for “Probable cause to arrest/lawfully detain” in which there are boxes to be checked for “odor of alcoholic beverage,” “poor balance,” “failed field sobriety test(s),” and “failed screening test.”  In fact, as the testimony at the administrative hearing shows, the officer had lawfully detained Morrow to perform field sobriety tests, some of which he failed, and the officer had smelled the odor of alcohol coming from Morrow’s car and from Morrow.  But, rather than indicate on the form these signs which the officer had observed, the officer wrote “N/A” on the form next to all these indicators that Morrow had consumed alcohol.  The officer then signed the form indicating that it was “true and correct to the best of my knowledge at the time of writing this report.”

[¶19] In other words, when the Report and Notice arrived at the Department, it would indicate that it is true and correct that it is “Not Applicable” that there is an odor of alcoholic beverage, poor balance, or failure of field sobriety tests.  The report would show that the Department does 
not
 have the authority required under N.D.C.C. § 39-20-04.  The form, as filled out by the officer, would indicate the officer had no opinion that Morrow’s body contained alcohol.  The Department has no authority to act on information which the officer has not provided to it.  The Report and Notice submitted by the officer indicates Morrow was stopped only for speeding and subsequently refused an onsite screening test.  This is an insufficient basis on which to suspend driving privileges.

[¶20] Carol Ronning Kapsner

Daniel J. Crothers