2015 ND 296

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Marcus Orlando CHATMAN, Defendant and Appellant.**

No. 20150037.

Supreme Court of North Dakota.

Dec. 22, 2015.

Rehearing Denied Feb. 18, 2016.

Justin J. Schwarz (argued), Assistant State's Attorney, and Dawn M. Deitz (on

brief), Assistant State's Attorney, Burleigh County Courthouse, 514 East Thayer Avenue, Bismarck, N.D. 58501–4413, for plaintiff and appellee.

Charles A. Stock, P.O. Box 605, Crookston, Minn. 56716–0605, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Marcus Chatman appeals from a criminal judgment entered after a jury found him guilty of possession of heroin with intent to deliver, possession of cocaine, and possession of marijuana by a driver. Chatman argues the district court should have suppressed evidence because illegally seized evidence was used to establish probable cause for a search warrant. He also argues his Sixth Amendment confrontation and compulsory process rights were violated. We affirm.

I

[¶ 2] On May 15, 2014, Chatman was arrested on an unrelated charge. After the arrest, Bismarck police officers searched Chatman's cell phone without a warrant and found text messages about drug distribution.

[¶ 3] On May 20, 2014, an informant began providing information to a Bismarck Police detective in exchange for two one-way bus tickets and to potentially help with her boyfriend's criminal charges. The informant told the detective she was a heroin user, Chatman was her source for heroin, Chatman was known by the street name "D," she had seen Chatman in possession of heroin two days earlier, and he was selling the heroin for $100 for one-tenth of a gram. The informant told the detective she was meeting Chatman later that day. After meeting with Chatman, the informant told the detective that Chatman was leaving for Chicago that night to pick up heroin and cocaine and asked her to accompany him on the trip.

[¶ 4] The informant traveled to Chicago with Chatman and kept in contact with the detective during the trip. The detective received a text message from the informant around 11:12 p.m. on May 20, 2014, stating they had left Bismarck to go to Chicago. On the morning of May 21, 2014, the detective received a text message from the informant stating they were in Wisconsin. On May 22, 2014, the detective applied for a warrant for cell tower information for a cell phone belonging to another individual the detective believed was with Chatman and the informant to track their progress. The affidavit submitted in support of the search warrant application included information obtained from the May 15, 2014, warrantees search of Chatman's cell phone. After the detective applied for the warrant for the cell tower information, he received a text message from the informant informing him they were almost to "the cities" and Chatman had the heroin in his jeans pocket.

[¶ 5] The detective applied for a warrant to search Chatman and the vehicle he was driving. The detective testified in support of the application and also submitted a copy of his affidavit from the prior cell phone tower warrant application. A warrant was issued, authorizing a search of Chatman's person and the vehicle he was driving when he arrived in Bismarck.

[¶ 6] Officers set up surveillance along the route they believed Chatman would take to determine when Chatman returned to Bismarck. The detective observed Chatman driving the vehicle on the interstate heading toward Bismarck, he notified other officers, and the officers stopped Chatman's vehicle when it reached his residence. Officers searched Chatman and the vehicle and found heroin, cocaine, and marijuana. Chatman was charged with pos-

session of heroin with intent to deliver or manufacture, a class A felony; possession of cocaine, a class C felony; and possession of marijuana by a driver, a class A misdemeanor.

[¶ 7] Chatman moved to suppress the evidence obtained from searching him and his vehicle. He argued information from the May 15, 2014, warrantees cell phone search was used to obtain the search warrant, a warrant must be obtained to search a cell phone incident to arrest, and therefore all evidence obtained as a result of the illegal search of his cell phone must be suppressed. After a hearing, the district court denied the motion, concluding the Fourth Amendment was not violated by the search of Chatman and the vehicle because there was sufficient evidence to find probable cause to issue the search warrant absent the information obtained from the May 15, 2014, cell phone search.

[¶ 8] Before trial, Chatman requested the trial be reset because he was unable to contact the informant to testify. The district court granted the request and the trial was reset. On the morning of the first day of trial, Chatman informed the court he had subpoenaed the informant, but the person who responded to the subpoena was not the informant involved with his case, and he stated the informant should be present for the case to properly proceed. The State advised the court it did not know where the informant was. Chatman did not make any further motions or make any further argument about the informant's absence. A jury trial was held, and the jury found Chatman guilty on all three charges.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Chatman's appeal was timely under N.D.R.App.P. 4(b). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

## II

■ [¶ 10] Chatman argues the district court erred in denying his motion to suppress evidence. He claims information obtained from the illegal May 15, 2014, search of his cell phone was used to obtain the search warrant for his person and vehicle and any evidence obtained as a result of the search warrant should be suppressed. He also contends anticipatory search warrants violate the Fourth Amendment. According to *Black's Law Dictionary*, an anticipatory search warrant is "[a] conditional search warrant that becomes effective only if and when some event occurs that itself creates the probable cause that permits the search." *Black's Law Dictionary* 1553 (10th ed.2014); *see also State v. Wahl*, 450 N.W.2d 710, 713 n. 1 (N.D.1990).

■ [¶ 11] In reviewing a district court's decision on a motion to suppress, we give deference to the district court's findings of fact. *State v. Morales*, 2015 ND 230, ¶ 7, 869 N.W.2d 417. We recognize "[t]he district court is in a superior position to assess the credibility of witnesses and weigh the evidence, and conflicts are resolved in favor of affirmance." *Id.* (quoting *State v. DeCoteau*, 1999 ND 77, ¶ 6, 592 N.W.2d 579). We will not reverse the court's findings of fact if there is sufficient competent evidence fairly capable of supporting the court's findings and the decision is not contrary to the manifest weight of the evidence. *City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D. 1994). Questions of law are fully reviewable on appeal. *Morales*, at ¶ 7.

## A

■ [¶ 12] Chatman argues the warrantless search of his cell phone was illegal and all evidence obtained as a result must be suppressed, including the evidence ob-

tained when the search warrant was executed, because information obtained from the cell phone search was used to establish probable cause for the warrant.

[¶ 13] The Fourth Amendment of the United States Constitution and Article I, Section 8, of the North Dakota Constitution prohibit unreasonable searches and seizures. *State v. Kuruc*, 2014 ND 95, ¶ 10, 846 N.W.2d 314. A warrantless search is unreasonable unless it falls within one of the recognized exceptions to the warrant requirement. *Morales*, 2015 ND 230, ¶ 8, 869 N.W.2d 417. "Evidence discovered during a warrantless search when no exception exists must be suppressed under the exclusionary rule." *Kuruc*, at ¶ 12 (quoting *State v. Gagnon*, 2012 ND 198, ¶ 8, 821 N.W.2d 373).

[¶ 14] In *Riley v. California*, —— U.S. ——, 134 S.Ct. 2473, 2493, 189 L.Ed.2d 430 (2014), the United States Supreme Court held police generally may not conduct a warrantless search of a cell phone, even when the phone is seized incident to arrest. *Riley* had not been decided when Chatman's cell phone was searched on May 15, 2014. The State, however, does not argue that the search of the phone was legal or that *Riley* does not apply retroactively, and therefore we will not address any issue about the application of *Riley*. Rather, the State argues the evidence obtained as a result of the search warrant should not be suppressed even if the search of the cell phone was illegal. The State contends there was probable cause to issue the search warrant even if the information from the cell phone search were excised from the affidavit and testimony supporting the warrant application.

[¶ 15] Evidence derived as a result of illegally acquired evidence must be suppressed. *City of Fargo v. Ellison*, 2001 ND 175, ¶ 12, 635 N.W.2d 151. "[I]l-legally obtained evidence cannot be used to establish probable cause to issue a search warrant." *State v. Fields*, 2005 ND 15, ¶ 6, 691 N.W.2d 233. If illegally obtained evidence was used to establish probable cause, "we excise the tainted information from the affidavit and consider the remaining legal evidence presented to the issuing magistrate" to determine whether probable cause existed to issue the warrant. *Id.*

[¶ 16] Probable cause is required to issue a search warrant, and there is probable cause if "the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched." *Fields*, 2005 ND 15, ¶¶ 5, 7, 691 N.W.2d 233 (quoting *State v. Corum*, 2003 ND 89, ¶ 22, 663 N.W.2d 151). Whether there is probable cause to issue a search warrant is a question of law, and we apply a totality-of-the-circumstances test to determine whether the information before the magistrate was sufficient to establish probable cause. *Fields*, at ¶ 5.

[¶ 17] An affidavit in support of the warrant to search Chatman and his vehicle included information that officers searched Chatman's cell phone incident to his arrest on May 15, 2014, and found "a text which explained that his source was in the Chicago area." The detective also testified in support of the warrant, informing the court that officers had recently seized a cell phone from Chatman and found text messages indicative of drug trafficking. This was the only information obtained from the search of the cell phone that was used to establish probable cause for the search warrant for Chatman's person and the vehicle.

[¶ 18] When the information related to the cell phone search is excised from the affidavit and testimony, sufficient evidence remains to establish probable cause to is-

sue the search warrant. The detective's affidavit stated he had received multiple tips that a black male known as "D" was distributing heroin in the Bismarck area, "D" makes drug runs between Bismarck and Chicago to bring back large quantities of cocaine and heroin, the tips from these informants were consistent, and he was able to confirm through multiple informants that "D" is Chatman and Chatman is from Illinois. The affidavit and the detective's testimony also included information from the informant. The informant told the detective she saw Chatman with five grams of heroin on May 18, 2014, Chatman was selling the heroin for $100 a "point," a point is approximately one-tenth of a gram of heroin and is a quantity consistent with one hit or dosage unit, and Chatman was her main source for heroin. The informant met with Chatman on May 20, 2014, and she told the detective that Chatman asked her to travel with him to Chicago to pick up a load of heroin, she said the trip would be quick, and Chatman wanted her to come on the trip as an extra driver because he planned to pick up the heroin and immediately drive back to Bismarck. There was also evidence the detective received text messages from the informant during the trip advising him of their location, their approximate time of arrival in Bismarck, and where Chatman was holding some of the drugs. The detective testified the informant described the vehicle they were traveling in as a 2008 red Pontiac G6 registered to Chatman's girlfriend.

▆▆▆▆▆ [¶ 19] The detective's information from the informant and others was unrelated to the information obtained from the search of Chatman's cell phone. Individuals who are involved in criminal activity or who enjoy the confidence of criminals are members of the criminal milieu, and their reliability or credibility must be established. *Myers v. State*, 2009 ND 13, ¶ 18, 760 N.W.2d 362. "Reliability of an informant can be established in numerous ways, such as corroboration through independent investigation, by the affiant's vouching or assertion that the informant is reliable, or by the informant giving detailed information overcoming any doubt." *State v. Weinmann*, 2015 ND 213, ¶ 8, 868 N.W.2d 828 (quoting *State v. Lunde*, 2008 ND 142, ¶ 11, 752 N.W.2d 630). The informant provided a first-hand account of recently witnessing Chatman dealing heroin and of her trip with Chatman to Chicago to pick up heroin and cocaine, including detailed information about when Chatman would arrive with the drugs, what vehicle they were driving, and where they were located. The informant's level of specificity made it more likely that the information was reliable and that she was credible. *See State v. Holzer*, 2003 ND 19, ¶ 14, 656 N.W.2d 686 (holding informant's level of specificity in describing drug activity made it more likely the information he provided was accurate). The informant's information was consistent with the information from the other informants.

[¶ 20] Under these facts and circumstances a person of reasonable caution would believe the contraband or evidence sought probably would be found in the vehicle Chatman was driving and on his person. After excising the tainted information and considering the totality of the circumstances, we conclude probable cause existed to issue the search warrant.

### B

▆▆▆ [¶ 21] In a supplemental brief, Chatman argues anticipatory search warrants are unconstitutional and violate the Fourth Amendment. He claims anticipatory warrants delegate judicial power to decide whether probable cause exists to a law enforcement officer by requiring the

officer to determine when all of the elements of probable cause have been met.

[¶ 22] Chatman raises this issue for the first time on appeal. "Issues that are not raised before the district court, including constitutional issues, 'generally will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b).'" *State v. Addai*, 2010 ND 29, ¶ 49, 778 N.W.2d 555 (quoting *State v. Parisien*, 2005 ND 152, ¶ 17, 703 N.W.2d 306). To establish obvious error, the defendant has the burden of proving plain error that affects his substantial rights. *Addai*, at ¶ 49. "Only constitutional error that is 'egregious' or 'grave' is subject to the obvious error rule." *Id.* (quoting *Parisien*, at ¶ 17).

[¶ 23] In *United States v. Grubbs*, 547 U.S. 90, 96, 126 S.Ct. 1494, 164 L.Ed.2d 195 (2006), the United States Supreme Court held anticipatory search warrants are not categorically unconstitutional under the Fourth Amendment. The Court stated, "[W]hen an anticipatory warrant is issued, 'the fact that the contraband is not presently located at the place described in the warrant is immaterial, so long as there is probable cause to believe that it will be there when the search warrant is executed.'" *Id.* (quoting *United States v. Garcia*, 882 F.2d 699, 702 (2d Cir.1989)). The Court held anticipatory warrants are not any different in principle from ordinary warrants, and they require the magistrate to determine "(1) that it is *now probable* that (2) contraband, evidence of a crime, or a fugitive *will be* on the described premises (3) when the warrant is executed." *Grubbs*, at 96, 126 S.Ct. 1494. The Court further held two prerequisites of probability must be satisfied for a conditioned anticipatory warrant to comply with the Fourth Amendment: "[i]t must be true not only that *if* the triggering condition occurs there is a fair probability that contraband or evidence of a crime will be found in a particular place, but also that there is probable cause to believe the triggering condition *will occur.*" *Id.* at 96–97, 126 S.Ct. 1494 (internal quotation marks and citation omitted).

[¶ 24] The district court judge or magistrate decides whether probable cause exists when issuing a warrant, and the issue of whether probable cause exists is not left to the officer's discretion. Anticipatory warrants do not per se violate the Fourth Amendment. Under *Grubbs*, the anticipatory warrant in this case does not violate the Fourth Amendment because it was probable at the time the warrant was issued that evidence of a crime would be on Chatman's person or in the vehicle when the warrant was executed.

### III

[¶ 25] Chatman argues his Sixth Amendment confrontation and compulsory process rights were violated when the informant's testimonial statements were admitted and she was unavailable to testify.

[¶ 26] Chatman did not raise either of these issues before the district court. When an issue is not raised in the trial court, even a constitutional issue, this Court will not address the issue on appeal unless the alleged error rises to the level of obvious error. *State v. Vondal*, 2011 ND 186, ¶ 17, 803 N.W.2d 578. "To establish obvious error, a defendant has the burden to show (1) error, (2) that is plain, and (3) affects substantial rights." *State v. Steen*, 2015 ND 66, ¶ 7, 860 N.W.2d 470 (quoting *State v. Anderson*, 2003 ND 30, ¶ 8, 657 N.W.2d 245). "In order to affect 'substantial rights,' an error must have been prejudicial, or affected the outcome of the proceeding." *State v. Patterson,*

2014 ND 193, ¶ 4, 855 N.W.2d 113 (quoting *State v. Erickstad,* 2000 ND 202, ¶ 22, 620 N.W.2d 136). In analyzing obvious error, we examine the entire record and the probable effect of the error in light of all of the evidence. *Steen,* at ¶ 7.

A

[¶ 27] Chatman claims his Sixth Amendment right to confront witnesses against him was violated because the informant was not present at trial and the detective was allowed to testify about information she provided the detective over Chatman's hearsay objections. Because Chatman did not claim at trial the admission of the testimony violated his right to confront witnesses against him, our review of the issue is limited to obvious error.

[¶ 28] Under the confrontation clause of the Sixth Amendment of the United States Constitution, a criminal defendant has a right to be confronted with the witnesses against him. In *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held the confrontation clause prohibits the admission of testimonial hearsay against a defendant, unless the declarant is unavailable to testify and the defendant previously had an opportunity to cross-examine the declarant or the defendant is responsible for the unavailability of the witness.

[¶ 29] Chatman argues the district court erred in allowing the State to present testimony from the detective about the informant's testimonial statements. Most of the testimony Chatman argues violated his constitutional rights was not improperly admitted. The district court sustained some of Chatman's objections to the detective's testimony. Some of the alleged improper testimony was elicited in response to Chatman's questions during cross-examination. When a defendant invites error, the error is not reversible. *See State v. Hill,* 1999 ND 26, ¶ 21, 590 N.W.2d 187; *see also* N.D.C.C. § 31–11–05; *State v. Cone,* 2014 ND 130, ¶ 17, 847 N.W.2d 761. The detective's testimony about statements Chatman made during an interview was not hearsay or testimonial statements from a witness unavailable to testify. *See State v. Strutz,* 2000 ND 22, ¶ 17, 606 N.W.2d 886 (officer's testimony about defendant's statements to the officer was not hearsay); N.D.R.Ev. 801(d)(2). Other statements Chatman alleged were improperly admitted were made during the suppression hearing, and this Court has held the Sixth Amendment confrontation right is a trial right, which does not apply at pretrial suppression hearings. *State v. Woinarowicz,* 2006 ND 179, ¶ 11, 720 N.W.2d 635.

[¶ 30] At trial, the detective was allowed to testify the informant confirmed she had a heroin source in Bismarck, she told him she would be taking a trip with Chatman, and she contacted the detective during the trip and gave him information about their location and said Chatman was driving. Although these statements may be testimonial and Chatman did not have an opportunity to cross-examine the informant, Chatman failed to demonstrate how the alleged error in admitting those statements affected his substantial rights. For an error to affect a defendant's substantial rights, it must be prejudicial or affect the outcome of the proceeding. *Patterson,* 2014 ND 193, ¶ 4, 855 N.W.2d 113. Chatman was charged with possession of heroin with an intent to manufacture or deliver, possession of cocaine, and possession of marijuana while operating a motor vehicle. There was sufficient evidence of Chatman's guilt, including the heroin and cocaine found in the vehicle and the marijuana found on Chatman's person. The detective and other officers testified Chat-

man was driving the vehicle when it was stopped. Evidence established 19.77 grams of heroin were seized, which was over 190 dosages of heroin. The detective testified about his interview of Chatman after the arrest, Chatman admitted the heroin and cocaine in the vehicle were his, and Chatman stated he was planning to sell the heroin. A video of the interview was admitted into evidence and played for the jury. Chatman has not shown that any error in admitting the detective's testimony about the informant's statements was prejudicial or affected the outcome of the trial. We conclude the district court did not commit obvious error by admitting the alleged improper testimony.

## B

[¶ 31] Chatman argues his Sixth Amendment right to compel the attendance of witnesses was violated. Chatman claims the State "shipped" the informant out of town after his arrest and failed to keep her contact information after making her unavailable to testify, and he had the right to subpoena her to testify at trial. Chatman did not raise this issue before the district court, and our review is limited to obvious error.

[¶ 32] Under the Sixth Amendment an accused has a right to present his own witnesses and to compel their attendance to establish a defense. *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). "A criminal defendant's Sixth Amendment right is not absolute, and does not guarantee the right to secure the attendance and testimony of any and all witnesses." *State v. Curtis*, 2008 ND 108, ¶ 12, 750 N.W.2d 438. The defendant must show the testimony would have been both favorable and material to his defense. *Id.* Whether a defendant's Sixth Amendment right to compulsory process was violated is a question of law, which is reviewed de novo on appeal. *Id.*

[¶ 33] Chatman informed the district court he attempted to subpoena the informant but the person who responded to the subpoena was not the informant. Although there was evidence law enforcement gave the informant two one-way bus tickets, there was no evidence she used the tickets. Chatman did not establish the informant could not be found. Moreover, Chatman does not claim the informant's testimony would have been favorable or material to his defense. We conclude Chatman failed to show his right to compulsory process was violated.

## IV

[¶ 34] We affirm the judgment, concluding Chatman's Fourth Amendment and Sixth Amendment rights were not violated.

[¶ 35] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.