Filed 2/16/17 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2017 ND 12

Marcus Orlando Chatman, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20160295

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Per Curiam.

Scott O. Diamond, 3523 45th Street South, Suite 100, Fargo, N.D. 58104, for petitioner and appellant; submitted on brief.

Tessa M. Vaagen, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for respondent and appellee; submitted on brief.

Chatman v. State

No. 20160295

Per Curiam.

[¶1] Marcus Chatman appeals from a district court order summarily dismissing his application for post-conviction relief.  A jury found Chatman guilty of possession of heroin with intent to deliver, possession of cocaine, and possession of marijuana by a driver, and his convictions were affirmed in 
State v. Chatman
, 2015 ND 296, 872 N.W.2d 595.  Chatman applied for post-conviction relief, claiming he received ineffective assistance of trial counsel, the State knowingly failed to correct false testimony, and the State failed to provide him with exculpatory evidence
.  The State answered Chatman’s application and moved for summary disposition, claiming his application did not raise an issue of material fact.  Chatman responded with a brief addressing his ineffective assistance of counsel claim, 
but he did not submit any affidavits or other comparable documentation identifying the claimed false testimony or exculpatory evidence. The district court summarily dismissed Chatman’s application, ruling he failed to establish he was prejudiced by counsel’s claimed deficient performance.  

[¶2] We conclude Chatman failed to provide competent admissible evidence by affidavit or other comparable means raising a factual dispute that he was prejudiced by trial counsel’s claimed deficient performance, that the State knowingly failed to correct false testimony, or that the State failed to provide him with exculpatory evidence.  
See
 
Henke v. State
, 2009 ND 117, ¶ 11, 767 N.W.2d 881 (applicant for post-conviction relief resisting motion for summary disposition may not rely on pleadings or unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means raising issue of material fact).  We affirm under N.D.R.App.P. 35.1(a)(6).

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte