Crothers, Justice.
 

 [¶ 1] Marcus Orlando Chatman appeals an order summarily dismissing his second application for post-conviction relief. Chatman argues the district court erred in denying his request for an evidentiary hearing on newly discovered evidence, abused its discretion in granting summary dismissal prior to ruling on outstanding motions, and erred in determining the anticipatory search warrant in the underlying case was legal. We affirm the order summarily dismissing Chatman's application for post-conviction relief.
 

 I
 

 [¶ 2] The facts essential to this case were explained in
 
 Chatman I
 
 :
 

 "On May 20, 2014, an informant began providing information to a Bismarck Police detective in exchange for two one-way bus tickets and to potentially help with her boyfriend's criminal charges. The informant told the detective she was a heroin user, Chatman was her source for heroin, Chatman was known by the street name 'D,' she had seen Chatman in possession of heroin two days earlier, and he was selling the heroin for $100
 
 *727
 
 for one-tenth of a gram. The informant told the detective she was meeting Chatman later that day. After meeting with Chatman, the informant told the detective that Chatman was leaving for Chicago that night to pick up heroin and cocaine and asked her to accompany him on the trip.
 

 "The informant traveled to Chicago with Chatman and kept in contact with the detective during the trip. The detective received a text message from the informant around 11:12 p.m. on May 20, 2014, stating they had left Bismarck to go to Chicago. On the morning of May 21, 2014, the detective received a text message from the informant stating they were in Wisconsin. On May 22, 2014, the detective applied for a warrant for cell tower information for a cell phone belonging to another individual the detective believed was with Chatman and the informant to track their progress. The affidavit submitted in support of the search warrant application included information obtained from the May 15, 2014, warrant[les]s search of Chatman's cell phone. After the detective applied for the warrant for the cell tower information, he received a text message from the informant informing him they were almost to 'the cities' and Chatman had the heroin in his jeans pocket.
 

 "The detective applied for a warrant to search Chatman and the vehicle he was driving. The detective testified in support of the application and also submitted a copy of his affidavit from the prior cell phone tower warrant application. A warrant was issued, authorizing a search of Chatman's person and the vehicle he was driving when he arrived in Bismarck.
 

 "Officers set up surveillance along the route they believed Chatman would take to determine when Chatman returned to Bismarck. The detective observed Chatman driving the vehicle on the interstate heading toward Bismarck, he notified other officers, and the officers stopped Chatman's vehicle when it reached his residence. Officers searched Chatman and the vehicle and found heroin, cocaine, and marijuana. Chatman was charged with possession of heroin with intent to deliver or manufacture, a class A felony; possession of cocaine, a class C felony; and possession of marijuana by a driver, a class A misdemeanor.
 

 "Chatman moved to suppress the evidence obtained from searching him and his vehicle. He argued information from the May 15, 2014, warrant[les]s cell phone search was used to obtain the search warrant, a warrant must be obtained to search a cell phone incident to arrest, and therefore all evidence obtained as a result of the illegal search of his cell phone must be suppressed. After a hearing, the district court denied the motion, concluding the Fourth Amendment was not violated by the search of Chatman and the vehicle because there was sufficient evidence to find probable cause to issue the search warrant absent the information obtained from the May 15, 2014, cell phone search.
 

 "Before trial, Chatman requested the trial be reset because he was unable to contact the informant to testify. The district court granted the request and the trial was reset. On the morning of the first day of trial, Chatman informed the court he had subpoenaed the informant, but the person who responded to the subpoena was not the informant involved with his case, and he stated the informant should be present for the case to properly proceed. The State advised the court it did not know where the informant was. Chatman did not make any further motions or make any further argument about the informant's absence.
 

 *728
 
 A jury trial was held, and the jury found Chatman guilty on all three charges."
 

 State v. Chatman
 
 ,
 
 2015 ND 296
 
 , ¶¶ 3-8,
 
 872 N.W.2d 595
 
 ,
 
 reh'g denied
 
 , February 18, 2016 [
 
 Chatman I
 
 ].
 

 [¶ 3] In
 
 Chatman I
 
 the anticipatory search warrant was constitutional "because it was probable at the time the warrant was issued that evidence of a crime would be on Chatman's person or in the vehicle when the warrant was executed."
 
 Id.
 
 at ¶ 24. Chatman applied for post-conviction relief, claiming ineffective assistance of counsel, the State knowingly failed to correct false testimony, and the State knowingly failed to provide exculpatory evidence.
 
 Chatman v. State
 
 ,
 
 2017 ND 12
 
 , ¶ 1,
 
 891 N.W.2d 778
 
 [
 
 Chatman II
 
 ] (per curiam). This Court affirmed summary dismissal, concluding Chatman "failed to provide competent admissible evidence by affidavit or other comparable means raising a factual dispute" supporting his claims.
 
 Id.
 
 at ¶ 2.
 

 [¶ 4] In December 2016 Chatman applied a second time for post-conviction relief, claiming unconstitutionality of the anticipatory search warrant and alleged newly discovered evidence obtained from an open records request. Chatman's evidence states the informant from his criminal conviction used an alias. The name used at trial was "Ashley Giles." The State notified Chatman of Giles' alias, "Jyssica Noble," on November 3, 2016, after his open records request. In January 2017 the State admitted in its answer that the alias information was new. The State moved for summary dismissal the same day, arguing Chatman did not raise an issue of material fact. Chatman claimed he would have subpoenaed the correct witness to trial had he known of the alias.
 

 [¶ 5] In May and September of 2017 Chatman moved to compel discovery from the State. In October 2017 the State responded to Chatman's motions, and the district court granted summary dismissal of Chatman's application under N.D.C.C. § 29-32.1-09(3) without ruling on the outstanding discovery motions. The district court held the anticipatory search warrant's validity was established in a prior decision, the purported newly discovered evidence would not establish a lack of criminal conduct given the evidence at trial, and N.D.R.Crim.P. 16 remedies did not require disposition of Chatman's discovery motions. Chatman appeals.
 

 II
 

 [¶ 6] Our standards of review for post-conviction relief applications are well-established. "Questions of law are fully reviewable on appeal of a post-conviction proceeding."
 
 Middleton v. State
 
 ,
 
 2014 ND 144
 
 , ¶ 5,
 
 849 N.W.2d 196
 
 (citation and quotation marks omitted).
 

 "We review an appeal from a summary denial of post-conviction relief like we review an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact."
 

 DeCoteau v. State
 
 ,
 
 1998 ND 199
 
 , ¶ 4,
 
 586 N.W.2d 156
 
 (citations omitted).
 

 "A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof. At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. If the petitioner presents competent evidence, he is then entitled to an
 
 *729
 
 evidentiary hearing to fully present that evidence."
 

 Ude v. State
 
 ,
 
 2009 ND 71
 
 , ¶ 8,
 
 764 N.W.2d 419
 
 (citations omitted). "The court may grant a motion by either party for summary disposition if ... there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." N.D.C.C. § 29-32.1-09(3). "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts."
 
 Coppage v. State
 
 ,
 
 2011 ND 227
 
 , ¶ 14,
 
 807 N.W.2d 585
 
 (citation and quotation marks omitted).
 

 III
 

 [¶ 7] Chatman argues the district court erred by denying his request for an evidentiary hearing for newly discovered evidence after learning the informant "Ashley Giles" had an alias, "Jyssica Noble." Chatman also claims certain emails sent between his trial attorney and the State regarding Giles' identity are newly discovered.
 

 "Th[e] statutory ground for postconviction relief is similar to a request for new trial based on newly discovered evidence under N.D.R.Crim.P. 33. To prevail on a motion for new trial on the basis of newly discovered evidence under N.D.R.Crim.P. 33, the defendant must show: '(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal.' "
 

 Wacht v. State
 
 ,
 
 2015 ND 154
 
 , ¶ 11,
 
 864 N.W.2d 740
 
 (quoting
 
 Syvertson v. State
 
 ,
 
 2005 ND 128
 
 , ¶ 9,
 
 699 N.W.2d 855
 
 ).
 

 [¶ 8] Here, the emails between his counsel and the State were sent prior to Chatman's original trial date on January 21, 2015. This evidence does not meet the first prong of the test (discovered after trial) because Chatman's counsel created and responded to the emails before trial. The alias information fulfills the first prong (discovered after trial) because Chatman received it in October 2016. However, as this Court wrote in
 
 Chatman I
 
 , "Chatman did not establish the informant could not be found. Moreover, Chatman does not claim the informant's testimony would have been favorable or material to his defense."
 
 2015 ND 296
 
 , ¶ 33,
 
 872 N.W.2d 595
 
 . Thus, the alias information does not fulfill the second prong (no lack of diligence) or the third prong of the test (material to issues at trial).
 

 [¶ 9] Chatman suggests Giles could testify the drugs in the car were hers because officers found them under the passenger seat, going to the materiality of the charges against him for possession. It falls on Chatman to show competent, admissible, newly discovered evidence which, reviewed in light of the evidence as a whole, would establish he did not engage in the criminal conduct for which he was convicted.
 
 See
 
 N.D.C.C. § 29-32.1-01(3)(a)(1). At trial the State submitted Chatman's videotaped confession to the possession and distribution charges. Viewed in light of the evidence as a whole under the discretionary standard of N.D.C.C. § 29-32.1-01(3)(a)(1), Giles' alias as "Jyssica Noble" does not warrant an evidentiary hearing without an affidavit or other evidence establishing the substance of her testimony. "Once the State move[s] for summary dismissal, [an applicant has] the burden to support his application with competent admissible evidence."
 
 Davis v. State
 
 ,
 
 2013 ND 34
 
 , ¶ 11,
 
 827 N.W.2d 8
 
 . Because Chatman failed to support his application with
 
 *730
 
 competent, admissible evidence, we affirm the summary dismissal of this issue.
 

 IV
 

 [¶ 10] Chatman argues the district court abused its discretion by granting summary dismissal before ruling on his motions to compel discovery from the State. Section 29-32.1-08, N.D.C.C., governs discovery for post-conviction cases: "The court, for good cause, may grant leave to either party to use the discovery procedures available in criminal or civil proceedings. Discovery procedures may be used only to the extent and in the manner the court has ordered or to which the parties have agreed." Section 29-32.1-08 requires a post-conviction relief applicant "to show 'good cause' for the district court to grant leave to use discovery procedures."
 
 Davis
 
 ,
 
 2013 ND 34
 
 , ¶ 12,
 
 827 N.W.2d 8
 
 . A motion for leave to use the discovery process in post-conviction relief proceedings must show good cause under our two-part standard: (1) the evidence sought, if established, would allow relief under N.D.C.C. § 29-32.1-01, and (2) the motion must contain specific and particularized allegations.
 
 Id.
 
 at ¶ 14. When an applicant seeking post-conviction relief under N.D.C.C. ch. 29-32.1 does not follow the procedures outlined therein he is not entitled to the relief he seeks.
 

 [¶ 11] Discovery in post-conviction relief proceedings is generally limited. "Because post-conviction relief cases are not an opportunity to relitigate issues, it is the unusual case in which a post-conviction relief court will compel discovery, limited to issues upon which relief is available. This is because post-conviction relief is not a device for investigating possible claims, but a means for vindicating actual claims."
 
 Davis
 
 ,
 
 2013 ND 34
 
 , ¶ 15,
 
 827 N.W.2d 8
 
 (citations and quotation marks omitted). "A district court has broad discretion in defining the scope of discovery, and we will not reverse a court's discovery decision absent an abuse of discretion."
 
 Id.
 
 at ¶ 11 (citation and quotation marks omitted). A district court abuses its discretion when its decision is arbitrary, unreasonable, unconscionable, or lacks a rational mental process leading to a reasoned determination.
 
 Inv'rs Title Ins. Co. v. Herzig
 
 ,
 
 2010 ND 169
 
 , ¶ 38,
 
 788 N.W.2d 312
 
 . The standard for discovery procedures in post-conviction proceedings differs from criminal or civil discovery, affording the district court wide discretion in extent, manner, and permission for discovery.
 
 Davis
 
 , at ¶ 12.
 

 [¶ 12] Here, Chatman sought discovery of Giles' text messages with police and a copy of an interview between a detective and Giles. The State responded by opposing the discovery requests. Chatman moved to compel discovery. The district court granted summary dismissal without ruling on Chatman's discovery motions. "Motions not ruled on are deemed denied by operation of law." 60 C.J.S.
 
 Motions and Orders
 
 § 40 (2012) ;
 
 see
 

 Rolin Mfg., Inc. v. Mosbrucker
 
 ,
 
 1997 ND 139
 

 ,
 
 ¶ 13, n.2,
 
 566 N.W.2d 819
 

 ;
 

 Sikora v. Gibbs
 
 ,
 
 132 Ohio App.3d 770
 
 ,
 
 726 N.E.2d 540
 
 , 543 (1999) ;
 
 Berna-Mork v. Jones
 
 ,
 
 173 Wis.2d 733
 
 ,
 
 496 N.W.2d 637
 
 , 641 (Wis. Ct. App. 1992). Chatman did not seek leave to use discovery procedures under N.D.C.C. § 29-32.1-08. To receive leave for discovery under § 29-32.1-08 's good cause standard, the applicant must show the evidence sought would, if established, grant relief under § 28-32.1-01.
 
 Davis
 
 ,
 
 2013 ND 34
 
 , ¶ 14,
 
 827 N.W.2d 8
 
 . The district court's order summarily dismissing Chatman's application provides:
 

 "[T]his Court cannot determine [ ] that this 'newly discovered' evidence when reviewed in the light of the evidence as a whole, would establish that Chatman did not engage in the criminal conduct for
 
 *731
 
 which he was convicted, especially given the fact that the jury was presented with an interview in which Chatman admits he intended to sell heroin."
 

 The district court's ruling applied the standard in N.D.C.C. § 28-32.1-01(3)(a)(1) for newly discovered evidence. Its ruling applies to the other evidence-based standard for relief in § 28-32.1-01(1)(e): "Evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice." Chatman's alleged newly discovered evidence would not, therefore, grant relief under § 28-32.1-01. The district court's decision to grant summary dismissal was not arbitrary, unreasonable, unconscionable, or lacking a rational mental process leading to reasoned determination.
 
 See
 

 Inv'rs Title Ins. Co. v. Herzig
 
 ,
 
 2010 ND 169
 
 , ¶ 38,
 
 788 N.W.2d 312
 
 . " '[W]e will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning.' "
 
 State ex rel. K.B. v. Bauer
 
 ,
 
 2009 ND 45
 
 , ¶ 10,
 
 763 N.W.2d 462
 
 (quoting
 
 Sanders v. Gravel Prods., Inc.
 
 ,
 
 2008 ND 161
 
 , ¶ 9,
 
 755 N.W.2d 826
 
 ). The district court did not abuse its discretion in granting summary dismissal before ruling on Chatman's discovery requests.
 

 V
 

 [¶ 13] Chatman argues the anticipatory search warrant was invalid under N.D.R.Crim.P. 41(a) because the rule requires the object of the warrant to be within the jurisdiction at the time of issuance.
 
 See
 

 People v. Poirez
 
 ,
 
 904 P.2d 880
 
 , 883 (Colo. 1995) (finding anticipatory search warrants invalid under strict interpretation of rules of criminal procedure in Colorado).
 

 "1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.
 

 2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:
 

 a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding...."
 

 N.D.C.C. § 29-32.1-12. "Applicants for postconviction relief must raise all of their claims in a single proceeding because postconviction relief proceedings are not intended to allow applicants multiple attempts to raise the same or similar issues."
 
 Myers v. State
 
 ,
 
 2017 ND 66
 
 , ¶ 9,
 
 891 N.W.2d 724
 
 . Post-conviction claims related to issuance and execution of a search warrant are improper if "addressed or forgone" in direct appeal.
 
 Roth v. State
 
 ,
 
 2006 ND 106
 
 , ¶ 8,
 
 713 N.W.2d 513
 
 .
 

 [¶ 14] Here, the Court found the anticipatory search warrant was constitutional on Chatman's direct appeal.
 
 Chatman I
 
 ,
 
 2015 ND 296
 
 , ¶¶ 23-24,
 
 872 N.W.2d 595
 
 (citing
 
 United States v. Grubbs
 
 ,
 
 547 U.S. 90
 
 , 96,
 
 126 S.Ct. 1494
 
 ,
 
 164 L.Ed.2d 195
 
 (2006), for the general constitutionality of anticipatory search warrants). Chatman did not raise the procedural issue of N.D.R.Crim.P. 41(a) on direct appeal.
 

 Id.
 

 Chatman's first application for post-conviction relief likewise did not raise the issue.
 
 Chatman II
 
 ,
 
 2017 ND 12
 
 ,
 
 891 N.W.2d 778
 
 .
 
 Poirez
 
 is a Colorado case from 1995, about which Chatman or his counsel could have known in the direct appeal or in the first application for post-conviction relief.
 
 See
 

 904 P.2d 880
 
 (Colo. 1995). We do not find, and Chatman did not specify, any reason why he could not have raised this claim previously.
 
 See
 

 Garcia v. State
 
 ,
 
 2004 ND 81
 
 , ¶ 22,
 
 678 N.W.2d 568
 
 ,
 
 reh'g denied
 
 , May 5, 2004 (ruling applicant's variant ineffective
 
 *732
 
 assistance of counsel argument could have been raised earlier and was misuse of process). We affirm the summary dismissal of this issue.
 

 VI
 

 [¶ 15] Chatman did not provide competent, admissible, newly discovered evidence sufficient to grant an evidentiary hearing, did not show an abuse of discretion in the district court's order summarily dismissing his application before ruling on his discovery motions, and the legality of the anticipatory search warrant issued for his criminal conviction cannot be challenged at this stage of post-conviction relief. We affirm the order summarily dismissing Chatman's application for post-conviction relief.
 

 [¶ 16] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.