# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 1

Marcus Orlando Chatman,                                   Petitioner and Appellant

v.

State of North Dakota,                                   Respondent and Appellee

No. 20180425

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Per Curiam.

Steven Balaban, Bismarck, ND, for petitioner and appellant.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

**Per Curiam.**

[¶1] Marcus Chatman appeals the summary dismissal of his post-conviction relief application, denial of his motion for relief under N.D.R.Civ.P. 60, and denial of his motion for reconsideration. We summarily affirm under N.D.R.App.P. 35.1(a)(6),(7).

[¶2] Chatman was convicted of possession of heroin with intent to deliver or manufacture, possession of cocaine, and possession of marijuana by a driver. This Court affirmed Chatman's conviction and the dismissal of his first and second post-conviction relief applications. *Chatman v. State*, 2018 ND 77, 908 N.W.2d 724; *Chatman v. State*, 2017 ND 12, 891 N.W.2d 778; *State v. Chatman*, 2015 ND 296, 872 N.W.2d 595. In July 2018, Chatman filed his third application for post-conviction relief. Chatman argued there was new evidence pertaining to a witness, the search warrant was invalid, his confession was involuntary, the State tampered with a witness, and his trial counsel was ineffective. The State moved for summary dismissal on the basis of res judicata and misuse of process. The district court summarily dismissed the application, stating the issues raised were or could have been raised previously. Chatman filed a motion for relief from judgment under N.D.R.Civ.P. 60(b), again arguing the identity of the witness at issue in the third application was newly discovered evidence. The motion was denied. Chatman then filed a motion for reconsideration, which was also denied. Chatman argues the district court improperly dismissed his application for post-conviction relief, his motion for relief from judgment, and his motion for reconsideration without giving him a hearing.

[¶3] The district court did not err by summarily denying Chatman's application for post-conviction relief. Chatman's claims were barred by res judicata. *See also Chatman*, 2018 ND 77, ¶ 9, 908 N.W.2d 724 (considering Chatman's videotaped confession to the charges and the lack of an affidavit or other evidence from the witness to establish the substance of her testimony, an evidentiary hearing is not required). The court did not err in denying his

motion for relief under N.D.R.Civ.P. 60, and his motion for reconsideration. *See State v. Atkins*, 2019 ND 145, ¶¶ 10-11, 928 N.W.2d 441 (stating the Uniform Postconviction Procedure Act is to be used exclusively to challenge a judgment of conviction, and regardless of the title on a motion it will be treated as a subsequent application for post-conviction relief). We summarily affirm under N.D.R.App.P. 35.1(a)(6),(7).

[¶4]   Jon J. Jensen, C.J.
       Lisa Fair McEvers
       Gerald W. VandeWalle
       Daniel J. Crothers
       Jerod E. Tufte