FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JUNE 24, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 114

James Charles Thompson,                                         Petitioner and Appellant

v.

State of North Dakota,                                          Respondent and Appellee

### No. 20210038

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Per Curiam.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Frederick R. Fremgen, State's Attorney, Jamestown, ND, for respondent and appellee.

**Per Curiam.**

[¶1]  James Thompson appealed from an order granting summary dismissal of his application for post-conviction relief and an order dismissing his application due to the statute of limitations. On November 16, 2020, Thompson filed a petition to vacate the criminal judgment and his sentence. The district court treated the petition as an application for post-conviction relief. The court found Thompson argued the State "must file a bond and deliver a bond" and "failed to state a claim upon which relief could be granted."

[¶2]  On November 25, 2020, the State filed a motion for summary dismissal under N.D.C.C. § 29-32.1-09(3), claiming Thompson's arguments were "nonsensical and unsupported." The State also filed a motion to dismiss based on the statute of limitations expiring under N.D.C.C. § 29-32.1-01(2) that same day. Thompson never filed a response to the State's motions. The district court granted the State's motions and filed orders dismissing Thompson's application on January 6, 2021.

[¶3]  The district court did not err when it dismissed Thompson's application for post-conviction relief, and we summarily affirm under N.D.R.App.P. 35.1(a)(7). *See Chatman v. State*, 2018 ND 77, ¶ 11, 908 N.W.2d 724 ("[P]ost-conviction relief is not a device for investigating possible claims, but a means for vindicating actual claims." (quoting *Davis v. State*, 2013 ND 34, ¶ 15, 827 N.W.2d 8)); *Friesz v. State*, 2021 ND 37, ¶ 6, 956 N.W.2d 338 (explaining a post-conviction relief applicant has a fourteen-day window under N.D.R.Ct. 3.2 to respond to the State's request for dismissal of the application).

[¶4]  Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte